1   LINDA L. SAGER, ESQ., Bar No. CA 185584
    lsager@heroldsagerlaw.com
2   NICHOLAS B. SALERNO, ESQ., Bar No. 167840
    nsalerno@heroldsagerlaw.com
3   HEROLD & SAGER
    550 Second Street, Suite 200
4   Encinitas, CA  92024
    Telephone:  760-487-1047
5   Facsimile:  760-487-1064

6   Attorneys for Defendant AIG SPECIALTY INSURANCE COMPANY, erroneously sued
    as AMERCIAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

7

8                    **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10  NORDBY CONSTRUCTION, INC.,              CASE NO.

11              Plaintiffs,
                                           **NOTICE OF REMOVAL OF CIVIL**
12       vs.                               **ACTION TO FEDERAL COURT UNDER**
                                           **28 U.S.C. § 1441(a) and (b) (DIVERSITY)**
13
    AMERICAN SAFETY INDEMNITY
14  COMPANY; AMERICAN
    INTERNATIONAL SPECIALTY LINES
15  INSURANCE COMPANY; ACE
    AMERICAN INSURANCE COMPANY; and
16  DOES 1 through 100, inclusive,,

17              Defendants.

18

19       **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20       **PLEASE TAKE NOTICE** that Defendant AIG Specialty Insurance Company,

21  erroneously sued as American International Specialty Lines Insurance Company ("AIG Specialty"

22  or "Defendant") hereby removes to this Court the state action identified below pursuant to 28

23  U.S.C. §§ 1332(a)(1), 1441(a) and (b), and 1446.  This removal is based on diversity of citizenship

24  between the parties.

25       1.      On June 25, 2014, Nordby Construction, Inc. ("Nordby") filed an action against

26  AIG Specialty in the Superior Court of the State of California, County of Santa Clara, entitled

27  *Nordby Construction, Inc. v. American Safety Indemnity Company, et al.*, (Case No.

28  114CV267089), asserting causes of action for breach of insurance contract, direct action under

1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT        CASE NO.
UNDER 28 U.S.C. § 1441(a) and (b) (DIVERSITY)

1    Insurance Code section 11580, and insurance bad faith (the "State Court Action").

2       2.     AIG Specialty was served with the State Court Action by way of personal service

3    on August 7, 2014.

4       3.     True and correct copies of the State Court Action complaint for: (1) Breach of

5    Insurance Contract; (2) Direct Action under Insurance Code section 11580; and (3) Insurance Bad

6    Faith, the Summons' served on AIG Specialty, and Civil Case Cover Sheets personally served on

7    AIG Specialty on  August 7, 2014 are marked and attached hereto as Exhibit 1.

8       4.     A true and correct copy of the Proof of Service filed by Nordby in the State Court

9    Action on August 11, 2014 is marked and attached hereto as Exhibit 2.

10      5.     Exhibits 1 and 2 attached hereto comprise all process, pleadings, and orders

11   personally served upon AIG Specialty and filed in the State Court Action.

12      6.     **Jurisdiction**.  This action is a civil action as to which this Court has original

13   jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which may be removed to this Court by AIG

14   Specialty pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) because it is a civil action

15   between citizens of different states, no defendant is a citizen of the State of California, and the

16   amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

17      7.     **Amount in Controversy**.  The amount in controversy, exclusive of interest and

18   costs, exceeds $75,000.  In the State Court Action, Nordby alleges that "the amount currently due,

19   owing and unpaid exceeds $950,000."   (Complaint ¶ 20.)   Accordingly, on the face of the

20   complaint the amount in controversy exceeds $75,000.

21      8.     **Diversity**.  There is complete diversity of citizenship between Nordby and the

22   defendants.  At the time of the filing of the complaint and at the time of this removal, and as

23   alleged in the complaint, Plaintiff Nordby "is a California corporation, duly licensed to transact

24   business in the State of California, with its principal place of business in Santa Rosa, California."

25   (Complaint ¶ 1.)  At the time of the filing of the complaint and at the time of this removal, AIG

26   Specialty is domiciled in the State of Illinois, with its principal place of business in New York,

27   New York.  At the time of the filing of the complaint and at the time of this removal, American

28   Safety Indemnity Company ("American Safety") has confirmed it is domiciled in the state of

2

1   Oklahoma, with its principal place of business in Atlanta, Georgia.  At the time of the filing of the

2   complaint and at the time of this removal, AIG Specialty is informed and believes that ACE

3   American Insurance Company ("ACE") is domiciled in the state of Pennsylvania, with its

4   principal place of business in Philadelphia, Pennsylvania.  Accordingly, there is complete diversity

5   of citizenship between Nordby and the defendants.

6          9.      No non-diverse parties were named as defendants in the State Court Action.

7         10.    None of the defendants named in the State Court Action is a citizen of the State of

8   California in which the State Court Action is pending.

9         11.    The defendants designated in the State Court Action as Does 1 through 100 are

10   fictitious defendants whose citizenship shall be disregarded for purposes of removal pursuant to 28

11   U.S.C. § 1441(a).

12         12.    **Intradistrict Assignment**.  Pursuant to 28 U.S.C. § 1441(a), this notice of removal

13   is being filed in the United States District Court, Northern District of California, San Jose Division

14   given the State Court Action is currently pending in the Superior Court of the State of California,

15   County of Santa Clara.

16         13.    The defendants designated in the State Court Action have each consented to

17   remove this action to federal court, and AIG Specialty is advised that each defendant intends to

18   file a written notice of consent following their appearance in this matter.

19         14.    A true and correct copy of this Notice of Removal is being filed with the court of

20   the State Court Action.

21         15.    By removing this action, AIG Specialty does not waive and hereby reserves its

22   rights to assert all applicable defenses to Nordby's complaint, including but not limited to lack of

23   subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of service

24   of process, and Nordby's failure to state a claim upon which relief may be granted.

25   ///

26   ///

27   ///

28   ///

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT        CASE NO.
UNDER 28 U.S.C. § 1441(a) and (b) (DIVERSITY)

1    Based on the foregoing, AIG Specialty removes to this Court the above action now

2    pending in the Superior Court of the State of California, County of Santa Clara, entitled *Nordby*

3    *Construction, Inc. v. American Safety Indemnity Company, et al.*, (Case No. 114CV267089).

4    DATED:  September 8, 2014                          HEROLD & SAGER

5

6                                                    By:      /s/ Linda L. Sager
                                                           _____
7                                                          LINDA L. SAGER, ESQ.
                                                           NICHOLAS B. SALERNO, ESQ.
8                                                          Attorneys for Defendant AIG SPECIALTY
                                                           INSURANCE COMPANY, erroneously sued as
9                                                          AMERCIAN INTERNATIONAL SPECIALTY
                                                           LINES INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT          CASE NO.
UNDER 28 U.S.C. § 1441(a) and (b) (DIVERSITY)

Exhibit 1



**CORPORATION SERVICE COMPANY**

**NTP / ALL**
**Transmittal Number: 12822156**
**Date Processed: 08/08/2014**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Eric Manne - 18th Floor<br>AIG Property Casualty<br>175 Water Street<br>Floor 15th<br>New York, NY 10038 |
| **Copy of transmittal only provided to:** | Robyn Wellbrock |

| | |
|---|---|
| **Entity:** | AIG Specialty Insurance Company<br>Entity ID Number  2122278 |
| **Entity Served:** | AIG Specialty Insurance Company |
| **Title of Action:** | Nordby Construction, Inc. vs. American Safety Indemnity Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Santa Clara County Superior Court, California |
| **Case/Reference No:** | 114CV267089 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/07/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Alexander F. Stuart<br>408-289-1972 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

*(CITACION JUDICIAL)*

<span style="text-align:right">(SOLO PARA USO DE LA CORTE)</span>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN SAFETY INDEMNITY COMPANY; AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY; ACE AMERICAN INSURANCE
COMPANY and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NORDBY CONSTRUCTION, INC.

**ENDORSED**

2014 JUN 25 P 3: 18

David H. Yamasaki, Clerk of the Superior Court

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara County Superior Court<br>191 N. First Street<br>San Jose, California 95113 | CASE NUMBER: *(Número del Caso):*<br>114CV267080 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander F. Stuart      WILLOUGHBY, STUART, BENING & COOK, INC.
50 W. San Fernando St., Ste. 400      408-289-1972
San Jose, CA 95113

| DATE: JUN 25 2014<br>*(Fecha)* | DAVID H. YAMASAKI<br>Chief Executive Officer/Clerk | Clerk, by REINA GARZA<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): *AIG Specialty Insurance Company, erroneously sued as American International Specialty lines Insurance Company*
3. ☒ on behalf of (specify): *Insurance Company*
    under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☒ by personal delivery on (date): *8-7-14*

<span style="text-align:right">Page 1 of 1</span>

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | *Martin Dean's*<br>**ESSENTIAL FORMS™** | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|---|

2244.12222S

Alexander F. Stuart 94161
WILLOUGHBY, STUART, BENING & COOK, INC.
50 W. San Fernando St., Ste. 400
San Jose, CA 95113
TELEPHONE NO.: 408-289-1972   FAX NO.: 408-295-6375
ATTORNEY FOR (Name): Plaintiff, NORDBY CONSTRUCTION, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Civil

**ENDORSED**

2014 JUN 25 P 3:18

REINA GARZA

CASE NAME: NORDBY V. AMERICAN SAFETY INDEMNITY
COMPANY, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | 1 1 4 C V 2 6 7 0 8 9 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 25, 2014

Alexander F. Stuart
(TYPE OR PRINT NAME)

**BY FAX**

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean
**ESSENTIAL FORMS**™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

2244.122225

107M608500441.tif - 6/25/2014 2:41:26 PM

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice-
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

Martin Dean's ESSENTIAL FORMS™   **CIVIL CASE COVER SHEET**

2244.12222S

1  Alexander F. Stuart– SBN 96141
   WILLOUGHBY, STUART, BENING & COOK, INC.
2  50 W. San Fernando Street, Suite 400
   San Jose, CA 95113
3  (408) 289-1972
   (408) 295-6375 – fax
4  afs@wsblaw.net

5  Attorneys for Plaintiff,
   NORDBY CONTRUCTION, INC.
6

7
                    SUPERIOR COURT OF CALIFORNIA
8
                    COUNTY OF SANTA CLARA
9

10  NORDBY CONTRUCTION, INC.                  1 1 4 C V 2 6 7 0 8 9
                                        CASE NO.
11          Plaintiff,

12  v.                                   COMPLAINT FOR DAMAGES

13  AMERICAN SAFETY INDEMNITY              1)  Breach of Insurance Contract
    COMPANY; AMERICAN INTERNATIONAL·      2)  Direct Action under Insurance
14  SPECIALTY LINES INSURANCE COMPANY;         Code section 11580
    ACE AMERICAN INSURANCE COMPANY;        3)  Insurance Bad Faith
15  and DOES 1 through 100, inclusive,

16          Defendants.                         BY FAX
17

18  PLAINTIFF NORDBY CONSTRUCTION COMPANY, INC. alleges the following:

19                              PARTIES

20      1.  Plaintiff Nordby Construction, Inc. ("NORDBY") is a California corporation, duly

21  licensed to transact business in the State of California, with its principal place of business in Santa

22  Rosa, California.  NORDBY has conducted, and still conducts, business in the County of Santa

23  Clara.

24      2.  Plaintiff is informed and believes that Defendant American Safety Indemnity Company

25  ("AMERICAN SAFETY") is, and at all times mentioned herein was, a corporation qualified to

26  do business, and doing business, in the State of California as a liability insurer.  Plaintiff is

27  informed and believes that AMERICAN SAFETY is, and at all relevant times was, doing

28  business in the County of Santa Clara.

                                    -1-
                          COMPLAINT FOR DAMAGES

ENDORSED

2014 JUN 25 ⌐ 3:18

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By:
REINA GARCIA

3.  Plaintiff is informed and believes that Defendant American International Specialty Lines Insurance Company ("AISLIC") is, and at all relevant times was, a corporation qualified to do business, and doing business, in the State of California as a liability insurer.  Plaintiff is informed and believes that AISLIC is, and at all relevant times was, doing business in the County of Santa Clara.

4.  Plaintiff is informed and believes that Defendant ACE American Insurance Company ("ACE") is, and at all relevant times was, a corporation qualified to do, and doing, business in the State of California as a liability insurer.  Plaintiff is informed and believes that ACE is, and at all relevant times was, doing business, and continues to do business, in the County of Santa Clara.

5.  Plaintiff is informed and believes that DOES 1-100 are person or entities qualified to do business in the State of California and County of Santa Clara.  The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 100 are unknown to Plaintiff at this time, and for that reason, Plaintiff sues said Defendants by fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said Defendants when they have been ascertained.

6.  Plaintiff is informed and believes that each of the fictitiously named Defendants designated as DOES 1 through 100 is in some manner legally responsible to Plaintiff for the acts, omissions, and damages set forth in this Complaint.

## NATURE OF LAWSUIT

7.  This Complaint arises from the failure and/or refusal of Defendants, and each of them, to provide indemnification with respect to a final judgment in favor of NORDBY against Kenyon Construction, Inc. ("KENYON") who is a named insured under policies of commercial general liability insurance and/or umbrella liability insurance issued by AMERICAN SAFETY, AISLIC and/or ACE.

## UNDERLYING LITIGATION

8.  NORDBY was hired by Summit State Bank as the general contractor to construct a new building known as the Summit State Project.  NORDBY subcontracted with a number of subcontractors to provide labor and materials for the project.  One of those subcontractors was

-2-
**COMPLAINT FOR DAMAGES**

1    KENYON, which agreed to furnish and install a "complete weather tight and watertight" EIFS

2    system on the exterior of the building, along with other scopes of work.

3        9.  The subcontract between NORDBY and KENYON provided that in addition to

4    performing the EIFS installation and other work, KENYON would: (a) procure and maintain a

5    policy of commercial general liability insurance, with minimum limits of $1 million per

6    occurrence and $1 million in the aggregate for completed operations, naming NORDBY as an

7    additional insured with respect to liability arising out of KENYON's performance of the work;(b)

8    include, in the required insurance, a provision stipulating that the coverage provided to

9    NORDBYas an additional insured is primary and non-contributing with any other insurance

10   available to NORDBY or the owner of the Summit State Project; (c) include, in the required

11   insurance, completed operations coverage, broad form property damage coverage, and contractual

12   liability coverage with respect to all operations by or on behalf of KENYON; and (d) defend and

13   indemnify NORDBY against any loss or liability arising out of, or in connection with,

14   KENYON's operations to be performed under the agreement.

15       10. On or about July 26, 2002, NORDBY received from KENYON's insurance

16   representatives a certificate of insurance certifying that it was insured by AMERICAN SAFETY

17   for the period July 1, 2002 to July 1, 2003 under a policy of commercial general liability

18   insurance with limits of $1 million per occurrence and $1 million in the aggregate for completed

19   operations.  The certificate also certified that NORDBY was an additional insured under the

20   2002-2003 AMERICAN SAFETY policy, and that the coverage provided to NORDBY was

21   primary and non-contributing with other insurance.

22       11. The Summit State Project was constructed largely in 2002, and KENYON performed

23   services under the subcontract largely in 2002.  Notice of Completion was recorded on February

24   27, 2003.

25       12. Following completion of the Summit State Project, the bank observed water intrusion and

26   eventually filed suit against NORDBY and its subcontractors, captioned Summit State Bank v.

27   Nordby Construction Company, et al., Sonoma County Superior Court Case No. SCV-249420

28   ("Underlying Action").  NORDBY filed a cross-complaint for indemnity against certain

-3-
**COMPLAINT FOR DAMAGES**

1   subcontractors, including KENYON. NORDBY also tendered its defense to KENYON, and to

2   AMERICAN SAFETY as an additional insured.

3       13. The tenders of defense were all denied, forcing NORDBY to expend its own resources to

4   defend the Underlying Action.

5       14. During the testing and investigation of the Underlying Action, it was discovered that the

6   water intrusion had been related to the EIFS exterior finish furnished and installed by KENYON.

7   As a result, the bank determined that the entire EIFS system had to be removed and replaced.

8       15. NORDBY eventually settled the Underlying Action for $3.4 million, with NORDBY

9   contributing $649,000, KENYON agreeing to contribute $285,000, and all other subcontractors

10   contributing the balance. The settlement did not resolve all claims between NORDBY and

11   KENYON, however. NORDBY retained its right to pursue full reimbursement from KENYON

12   with respect to all of NORDBY's defense expenses and the settlement contribution of $649,000.

13       16. Plaintiff is informed and believes that KENYON was defended by AMERICAN

14   SAFETY under a policy of commercial general liability insurance effective July 1, 2002 to July 1,

15   2003, and that AMERICAN SAFETY had exhausted all but $265,690.60 of the policy's limit at

16   the time of the settlement. NORDBY therefore was required to use its own resources to

17   contribute an additional $19,309.40 to resolve all claims asserted by Summit State Bank.

18       17. As a condition of the settlement, KENYON agreed to arbitrate NORDBY'S claims for

19   defense and indemnification. The matter was arbitrated on September 12, 2012, and a binding

20   decision in favor of NORDBY was rendered on September 18, 2012. The arbitrator made the

21   following findings against KENYON:

22   •   KENYON failed to provide a bullnose with a vertical leg on the bottom side and/or a

23       notch to create a drip edge. This created a condition where water entered the building

24       causing damage.

25   •   Without notifying NORDBY as required by its contract, KENYON covered areas where

26       densglass backing (that should have been installed) was not installed. This not only

27       compromised the fire safety rating of the building, but it also allowed for water to reach

28       structural members of the building.

-4-
**COMPLAINT FOR DAMAGES**

1     • KENYON failed to follow the plans and specifications in applying the mastic necessary to

2        attach the EIFS to the building, using horizontal grooves rather than vertical ones, which

3        caused water to collect behind the EIFS system rather than drain away.

4     • The EIFS was not properly integrated with the other building materials, which resulted in

5        significant water intrusion.

6     18. Based on these findings, the arbitrator made the following award in favor of NORDBY,

7 and against KENYON:

8     • KENYON owed NORDBY Type I indemnity under the terms of its Subcontract with

9        NORDBY.

10     • KENYON owed NORDBY its attorney's fees and costs under the Subcontract.

11     • The water intrusion damages at Summit State Bank arose out of, or were in connection

12        with, KENYON's work.

13     19. The arbitrator awarded NORDBY damages, in the amount of $924,974.06, for property

14 damage arising out of, or in connection with, KENYON's work based on the indemnity

15 provisions of the Subcontract. In addition, the arbitrator awarded NORDBY its attorney's fees

16 and costs in the amount of $174,808.10.

17     20. The arbitration award was confirmed by the Superior Court and entered as a judgment in

18 the Underlying Action on January 9, 2013. The court acknowledged a credit for the $265,690.60

19 KENYON contributed to the settlement of the Underlying Action, resulting in a net judgment of

20 $834,091.50, plus interest on that amount at the legal rate of 10 percent per annum from

21 September 12, 2012. The amount currently due, owing and unpaid exceeds $950,000.

22     21. The judgment was not appealed and became final 180 days later.

23 **KENYON'S INSURANCE POLICIES**

24 **American Safety Primary Policies**

25     22. Plaintiff is informed and believes that KENYON was insured by AMERICAN SAFETY

26 under two primary policies of commercial general liability insurance effective July 1, 2002 to

27 July 1, 2003 and July 1, 2003 to July 1, 2004. Plaintiff is informed and believes that the policies

28 bore policy nos. XGI 02 1747-003 and XGI 03-1747-004, respectively. Plaintiff is informed and

1   believes that AMERICAN SAFETY agreed to defend KENYON under the 2002-2003 policy, but

2   denied coverage under the 2003-2004 policy.  Plaintiff is informed and believes that both policies

3   carried a limit of liability of $1 million per occurrence, exclusive of defense and other

4   supplementary payments coverage, and that both policies are now exhausted with respect to

5   KENYON's legal obligation to pay damages.  Plaintiff is informed and believes that NORDBY

6   was an additional insured under the 2002-2003 policy.

7       23.  Plaintiff is informed and believes that AMERICAN SAFETY exhausted its policy limit

8   under the 2002-2003 policy prior to the arbitration of NORDBY's claim for defense and

9   indemnity against KENYON.

10      24.  Plaintiff is informed and believes that AMERICAN SAFETY exhausted its policy limit

11  under the 2003-2004 policy after the arbitration of NORDBY'S claim for defense and indemnity

12  against KENYON.

13                              **AISLIC Primary Policy**

14      25.  Plaintiff is informed and believes that KENYON was insured by AISLIC under a primary

15  policy of commercial general liability insurance effective July 1, 2004 to July 15, 2005 bearing

16  policy no. GL 933-32-99.  Plaintiff is informed and believes that AISLIC denied coverage to

17  KENYON under that policy, declining KENYON's tender of defense.  Plaintiff is informed and

18  believes that the AISLIC policy carried a limit of liability of $1 million per occurrence, exclusive

19  of defense and other supplementary payments coverage.

20                              **ACE Primary Policies**

21      26.  Plaintiff is informed and believes that KENYON was insured by ACE under three

22  primary policies of commercial general liability insurance effective July 15, 2005 to July 15,

23  2006, July 15, 2006 to July 15, 2007 and July 15, 2007 to July 15, 2008.  Plaintiff is informed and

24  believes that the policies bore policy nos. HDO G2059097A, HDO G21702390 and HDO

25  G2451027A, respectively.  Plaintiff is informed that ACE denied coverage to KENYON under all

26  of the policies, declining KENYON's tender of defense.  Plaintiff is informed and believes that

27  the ACE policies each carried a limit of liability of $1 million per occurrence, exclusive of

28  defense and other supplementary payments coverage.

27. Plaintiff is informed and believes that two of the policies had designated work exclusions precluding coverage for the Summit State Bank project. Plaintiff is informed and believes that the 2006-2007 policy did not have a designated work exclusion precluding coverage for the Summit State Bank project.

## AISLIC Excess Policies

28. Plaintiff is informed and believes that in addition to its primary policy with AISLIC effective 2004-2005, KENYON also was insured by AISLIC under three policies of umbrella liability insurance effective July 1, 2002 to July 1, 2003, July 1, 2003 to July1, 2004 and July 1, 2004 to July 1, 2005. Plaintiff is informed and believes that the policies bore policy nos. BE 7413924, BE 9745186 and BE 9745761, respectively. Plaintiff is informed and believes that AISLIC denied coverage to KENYON under all of its policies, claiming that KENYON had not exhausted all primary insurance coverage applicable to the Underlying Action. Plaintiff is informed and believes that the three umbrella policies each carry a limit of liability of $5 million per occurrence.

## KENYON'S ASSIGNMENT OF RIGHTS

29. In or about August 2012, faced with (a) the prospect of a binding arbitration in which NORDBY was seeking more than $1 million from KENYON for defense and indemnification of the Underlying Action, (b) no insurance company willing to indemnify KENYON in the event of an adverse arbitration award, KENYON entered into a partial settlement agreement with NORDBY by which KENYON agreed to assign its rights against all of its liability insurers in exchange for certain material concessions.

30. The material concessions included (a) NORDBY's agreement to front the $19,309.40 shortfall in KENYON's settlement contribution to Summit State Bank; (b) NORDBY's agreement that KENYON would have a credit of $265,690.60 against any arbitration award in NORDBY's favor; and (c) NORDBY'S agreement to refrain from executing against non-insurance assets of KENYON with respect to any arbitration award in NORDBY's favor.

///

///

-7-

**COMPLAINT FOR DAMAGES**

## NORDBY'S TENDERS AND DEFENDANTS' RESPONSES

### American Safety Tenders and Responses

31. On or about June 2, 2011, NORDBY tendered its defense to AMERICAN SAFETY under the 2002-2003 and 2003-2004 AMERICAN SAFETY policies. NORDBY was entitled to a defense and indemnification under those policies as (a) an additional insured, and (b) as a contractual indemnitee of AMERICAN SAFETY's named insured, KENYON. AMERICAN SAFETY ignored the tender.

32. On or about September 29, 2011, again on or about November 8, 2011, and still again on or about January 4, 2012, NORDBY tendered its defense to AMERICAN SAFETY under the 2002-2003 and 2003-2004 AMERICAN SAFETY policies. AMERICAN SAFETY ignored each of those tenders too.

33. On or about December 16, 2013, NORDBY tendered to AMERICAN SAFETY the judgment entered against KENYON in the Underlying Action, requesting payment of attorney's fees and costs awarded against KENYON in the judgment. NORDBY was entitled to payment of the fees and costs awarded as an additional insured under the 2003-2003 AMERICAN SAFETY policy, as a contractual indemnitee under the AMERICAN SAFETY policy, and as KENYON's assignee.

34. Plaintiff is informed and believes that AMERICAN SAFETY provided supplementary payments coverage under the 2002-2003 policy for attorney's fees and costs awarded in the arbitration. Plaintiff is informed and believes that the supplementary payment coverage existed independently of the policy limit for damages, AMERICAN SAFETY owed full supplementary payments coverage for the attorney's fees and costs awarded against KENYON in the arbitration and subsequently reduced to a final judgment.

### AISLIC Tender and Response

35. On or about January 20, 2014, NORDBY tendered to AISLIC the judgment entered against KENYON in the Underlying Action, requesting payment of the damages awarded against KENYON in the judgment. NORDBY was entitled to payment of the damages as a judgment creditor under Insurance Code section 11580, and as KENYON's assignee. AISLIC ignored the

1   request for payment.  As of the date of this Complaint, AISLIC continues to refuse to pay the any

2   portion of the damages awarded against KENYON in the final judgment.

3                                    **ACE Tender and Response**

4          36.  On or about January 20, 2014, NORDBY tendered to ACE the judgment entered against

5   KENYON in the Underlying Action, requesting payment of the damages awarded against

6   KENYON in the judgment.  NORDBY was entitled to payment of the damages as a judgment

7   creditor under Insurance Code section 11580, and as KENYON's assignee.  ACE rejected the

8   request for payment claiming that all of its policies had an applicable designated work exclusion.

9   Plaintiff requested a copy of the purportedly applicable designated work exclusion for the 2006-

10  2007 policy.  ACE never responded.  As of the date of this Complaint, ACE continues to refuse to

11  pay any portion of the damages awarded against KENYON in the final judgment.

12                                **FIRST CAUSE OF ACTION**
                                  **(Breach of Insurance Contract)**
13              **[Against AMERICAN SAFETY, AISLIC, ACE and DOES 1-100]**

14         37.  Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

15         38.  NORDBY is informed and believes that all conditions of the insurance policies issued by

16  AMERICAN SAFETY, AISLIC and ACE, affording rights to KENYON as named insured and

17  NORDBY as an additional insured, contractual indemnitee and/or assignee of KENYON, have

18  been satisfied.

19         39. Defendants, and each of them, owed an indivisible duty to provide insurance benefits to

20  KENYON as named insured, and to NORDBY as an additional insured, contractual indemnitee

21  and/or assignee.  Plaintiff alleges that each Defendant owes insurance coverage for the final

22  judgment entered against KENYON, and that each therefore is legally responsible to satisfy the

23  judgment, or a portion of the judgment, including the award of attorney's fees and costs.

24         40. Defendants, and each of them, have breached their contractual obligations to Plaintiff by

25  refusing to pay the judgment, or any portion of the judgment, entered against KENYON,

26  including the damages, attorney's fees and costs awarded against KENYON, and prejudgment

27  interest.

28  ///

                                              -9-

41. As a direct and proximate cause of Defendants' breach of their contractual obligations, Plaintiff has been damaged in an amount exceeding $950,000.

WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
#### (Direct Action under Insurance Code section 11580)
#### [Against AMERICAN SAFETY, AISLIC, ACE and DOES 1-100]

42. Plaintiff incorporates paragraphs 1 through 41 as though fully set forth herein

43. NORDBY, by way of its status as a contractual indemnitee, intended beneficiary and/or final judgment creditor of KENYON in the Underlying Action, possesses rights of direct action against Defendants pursuant to California Insurance Code section 11580. Those rights include payment of amounts owed NORDBY to satisfy the final judgment entered against KENYON arising out of property damage caused by KENYON at the Summit State Project.

44. Defendants, and each of them, have breached their duties under Insurance Code section 11580 by refusing to pay the judgment, or any portion of the judgment, entered against KENYON, including the damages, attorney's fees and costs awarded against KENYON, and prejudgment interest.

45. As a direct and proximate cause of Defendants' breach of their statutory obligations, Plaintiff has been damaged in an amount exceeding $950,000.

WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (Insurance Bad Faith)
#### [Against AMERICAN SAFETY, AISLIC, ACE and DOES 1-100]

46. Plaintiff incorporates by reference paragraphs 1 through 45 as though fully restated herein.

47. Defendants' policies each contain an implied covenant of good faith and fair dealing, which obligates Defendants, and each of them, to act in good faith toward their insureds, intended beneficiaries and/or final judgment creditors, and to refrain from taking any action that interferes with the rights of such persons to enjoy the full benefits of promised coverage.

48. Defendants, and each of them, have breached their duty of good faith and fair dealing owed to NORDBY as an additional insured, contractual indemnitee, intended beneficiary, final

1  judgment creditor and/or assignee of KENYON, by engaging in the following oppressive

2  conduct:

     a.  Unreasonably, and without proper cause, refusing to pay damages and/or attorney's fees

        and costs awarded to NORDBY in the Underlying Litigation.

     b.  Unreasonably, and without proper cause, refusing to indemnify KENYON against the

        judgment entered against KENYON in the Underlying Action.

     c.  Unreasonably, and without proper cause, forcing Plaintiff, as additional insured,

        contractual indemnitee, intended beneficiary, final judgment creditor and/or assignee, to

        institute litigation to obtain befits clearly due under the policies.

    49.  As a direct and proximate result of the unreasonable and bad faith conduct of Defendants,

and each of them, Plaintiff has suffered and will continue to suffer damages by incurring

attorney's fees and costs to obtain benefits due under the policies, and other economic and

consequential damages in an amount to be determined according to proof at trial.

    50.  Plaintiff is informed and believes that Defendants, and each of them, intentionally

engaged in a course of conduct which was intended or expected to oppress Plaintiff, in conscious

disregard of the rights of Plaintiff to receive the benefits due Plaintiff under the policies and law

as alleged in this Complaint.  Plaintiff is informed and believes that these acts were willful,

despicable, oppressive and/or fraudulent as contemplated by California Civil Code section 3294,

and that all were done with the knowledge, approval and ratification of Defendants, and each of

them.  In order to deter such conduct by Defendants in the future, and to prevent repetition of

such conduct as a practice, Plaintiff prays for exemplary and punitive damages.

    WHEREFORE, Plaintiff prays for judgment as follows:

**On the First Cause of Action**

1.      Special damages in an amount exceeding $950,000;

2.      General damages according to proof at trial;

3.      Costs of suit incurred herein;

4.      Such prejudgment interest as provided by law;

5.      Such other and further relief as the Court deems just and proper.

**On the Second Cause of Action**

1.  Special damages in an amount exceeding $950,000;

2.  General damages according to proof at trial;

3.  Costs of suit incurred herein;

4.  Such prejudgment interest as provided by law;

5.  Such other and further relief as the Court deems just and proper.

**On the Third Cause of Action**

1.  Special damages in an amount exceeding $950,000;

2.  General damages according to proof at trial;

3.  Costs of suit incurred herein;

4.  Such prejudgment interest as provided by law;

5.  Attorney's fees and costs incurred to prove Plaintiff's entitlement to insurance benefits wrongfully withheld;

6.  Exemplary and punitive damages in an amount to make an example of each Defendant's conduct; and

7.  Such other and further relief as the Court deems just and proper.

DATED: June 25, 2014

WILLOUGHBY, STUART, BENING & COOK, INC.

By _____

ALEXANDER F. STUART
Attorneys for Plaintiff,
NORDBY CONSTRUCTION, INC.

-12-

**COMPLAINT FOR DAMAGES**

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER:
1 1 4 C V 2 6 7 0 8 9

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a written response to the *Complaint*, *using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1loc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* Mary Arand                                    Department:   09

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)   OCT 21 2014
                Date: _____   Time: 1:30pm   in Department: 09

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
                Date: _____   Time: _____   in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced Judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court            Santa Clara County DRPA Coordinator
ADR Administrator                            408-792-2784
408-882-2530

Exhibit 2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br><br>Alexander, F. Stuart, Esq.  (SBN 96141)<br>Willoughby Stuart & Bening<br>50 W  San Fernando St, Ste 400<br>San Jose, CA 95113-2413<br><br>TELEPHONE NO.: (408) 289-1972<br><br>ATTORNEY FOR: Plaintiff | FOR COURT USE ONLY<br><br>ENDORSED<br><br>2014 AUG 11  P 2: 00<br><br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>BY N Go<br>Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Civil | |
| PLAINTIFF: Nordby Construction, Inc.<br>DEFENDANT: American Safety Indemnity Company, et al | CASE NUMBER:<br>114 CV 267089 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f.  other (specifiy documents):
   Summons; Complaint; Civil Lawsuit Notice; ADR Information Sheet; Civil Case Cover Sheet

3. a.  Party served:
   AIG Specialty Insurance Company, erroneously sued as American International Specialty Lines Insurance Company

   b.  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):
   Agent CSC Lawyers Incorporating Service , By Serving, Jenny Le / Authorized To Accept

4. Address where the party was served:
   2710 Gateway Oaks Dr, Ste 150 N, Sacramento, CA 95833

5. I served the party
   a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on 8/7/2014 at 1:24 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d.  On behalf of: AIG Specialty Insurance Company, erroneously sued as American International Specialty Lines Insurance Company
   under the following Code of Civil Procedure section:
   416.10 (corporation)

7. **Person who served papers**
   a.  **Name:** Michael E. Kandefer
   **Firm:** County Process Service, Inc.
   b.  **Address:** 31 E. Julian Street, San Jose, CA 95112
   c.  **Telephone number:** (408) 297-6070
   d.  **The fee for the service was:** $75.00
   e.  **I am:**
   (3)    a registered California process server:
   (i)  employee
   (ii) Registration No.: 1452
   (iii) County: Santa Clara

**Page 1 of 2**

Judicial Council of California<br>POS-010 [Rev. January 1, 2007]<br>Form adopted by rule 982.9

Job Number COP-2014008503

| PLAINTIFF: Nordby Construction, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT: American Safety Indemnity Company, et al | 114 CV 267089 |

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8-11.14

Michael Kandefer
Santa Clara County #1452

Michael E. Kandefer
(NAME OF PERSON WHO SERVED PAPERS)

▶                                (SIGNATURE)

Page 2 of 2