1  ALEXANDER F. STUART – SBN 96141
   ELLYN E. NESBIT – SBN 136398
2  WILLOUGHBY, STUART, BENING & COOK
   50 W. San Fernando Street, Suite 400
3  San Jose, California 95113
   Telephone:   (408) 289-1972
4  Facsimile:   (408) 295-6375
   Email: alex@wsbclawyers.com
5          ellyn@wsbclawyers.com

6

7  Attorneys for Plaintiff
   NORDBY CONSTRUCTION, INC.
8

9              **UNITED STATES DISTRICT COURT**

10    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  NORDBY CONSTRUCTION, INC.              CASE NO.    5:14-cv-04074 LHK

13              Plaintiff,

14  v.                                     **JOINT CASE MANAGEMENT**
                                           **STATEMENT**
15  AMERICAN SAFETY INDEMNITY
16  COMPANY; AMERICAN INTERNATIONAL
    SPECIALTY LINES INSURANCE COMPANY;     Date:       June 24, 2015
17  ACE AMERICAN INSURANCE COMPANY;        Time:       2:00 p.m.
    and DOES 1 through 100, inclusive,     Location:   Courtroom 8, 4th Floor
18                                                     Before the Hon. Lucy H. Koh
              Defendants.
19

20

21

22

23

24

25

26

27

28

2224.12222S

WILLOUGHBY, STUART, BENING & COOK

1   The parties have met and conferred as required under the Civil Local Rules and Rule 26(f)

2   of the Federal Rules of Civil Procedure.   The parties submit the following Joint Case

3   Management Statement pursuant to Civil Local Rule 16-9 and the Standing Order For All Judges

4   of the Northern District of California - Contents of Joint Case Management Statement.

5   **1. <u>Jurisdiction and Service</u>**

6   Jurisdiction is proper in the court under 28 U.S.C. §1332, as there is complete diversity of

7   citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of

8   interest and costs.  All the Defendants have been served with the Summons and Complaint in this

9   matter.

10   **2. <u>Facts</u>**

11   **A. <u>Plaintiff's Statement</u>**

12   Plaintiff Nordby was hired by Summit State Bank as the general contractor to construct a

13   new building (the "Summit State Project").   Nordby subcontracted with a number of

14   subcontractors to provide labor and materials for the building.  One of the subcontractors was

15   Kenyon Construction, Inc. ("Kenyon"), who contracted to provide a watertight "EIFS" finish on

16   the exterior of the building, along with other scopes of work.  The subcontract between Nordby

17   and Kenyon required Kenyon to obtain commercial liability insurance which named Nordby as an

18   additional insured.   Kenyon obtained insurance policies from Defendants, and the policies did

19   name Nordby as an additional insured.

20   Following completion of the Summit State Project, the bank observed water intrusion, and

21   filed suit against Nordby and its subcontractors (the "Underlying Action").  Nordby filed a cross-

22   complaint for indemnity against subcontractors including Kenyon.  Nordby tendered its defense

23   to Defendant insurers.  The tenders of defense were denied, forcing Nordby to expend its own

24   resources to defend the Underlying Action.

25   Testing determined that the water intrusion was related to the EIFS exterior finish

26   furnished and installed by Defendants' named insured, Kenyon.  Nordby eventually settled the

27   Underlying Action for $3.4 million, with Nordby contributing $649,000, Kenyon agreeing to

28   contribute $285,000, and other subcontractors contributing the balance.   American Safety

2224.12222S

WILLOUGHBY, STUART, BENING & COOK

claimed that it had exhausted all but $265,690.60, so Nordby was required to use its own resources to make up the $19,209.40 difference in the contribution pledged by Kenyon to resolve all claims by Summit State Bank.

The settlement did not resolve the claims between Nordby and Kenyon. Those claims were arbitrated, and a binding decision was rendered in favor of Nordby finding that Kenyon owed indemnity to Nordby under the terms of its subcontract, and owed Nordby its attorneys' fees and costs. The arbitrator awarded Nordby damages in the amount of $924,974.06 for property damage arising out of Kenyon's work, plus attorneys fees and costs in the amount of $174,080.10. After a credit for Kenyon's contribution of $265,690.60, the net judgment of $834,091.50 was entered as the judgment in the Underlying Action. The amount currently owing to Nordby exceeds $950,000. Nordby is an assignee of all of Kenyon's rights against Defendant insurers.

The present action results from Defendant insurers wrongful refusal to defend and indemnify Nordby. Nordby contends that each of the insurers owed a duty to defend and have a duty to indemnify the judgment entered in favor of Nordby. To the extent that the primary policies do not apply or their limits are insufficient to cover the full amount of the judgment, Nordby contends that the umbrella policies issued by Defendant American International Specialty Lines Insurance Co. apply to cover the judgment. Nordby contends that the insurers' refusal to defend and indemnify is unreasonable and Defendants are thus liable in tort for breach of the covenant of good faith and fair dealing (bad faith).

**B.** **Defendant American International Specialty Lines Insurance Co.'s (AISLIC) Statement**

AISLIC disputes Nordby's allegations and that they are liable for the amounts sought by Nordby.

**C.** **Defendant American Safety Indemnity Company's (American Safety) Statement**

In its First Amended Complaint ("FAC") and Opposition to American Safety's Rule 12(b)(6) Motion to Dismiss, Nordby admits that it is **only** the prevailing party attorneys' fee and

cost award portion of the Judgment in the amount of $174,080.10 plus interest which Nordby obtained on its cross-complaint against Kenyon in the Underlying Action that NORDBY seeks recovery of from American Safety under the Supplementary Payments provisions of the 2002 – 2003 American Safety Policy issued to Kenyon.  American Safety defended Kenyon in the Underlying Action and exhausted what remained of the available limits of coverage by contributing the $265,690.60 balance of those limits to the settlement referred to in Nordby's Statement of Facts (above).

The purported assignment of Kenyon's rights against American Safety allegedly occurred before entry of that Judgment against Kenyon, and at a time when American Safety admittedly had not breached its duty to defend Kenyon in the Underlying Action.  Accordingly, Kenyon had no actionable rights against American Safety to assign to Nordby and said assignment is barred by terms of the American Safety Policy which require the consent of American Safety, defeating Nordby's assigned breach of contract claim against American Safety.

Given the absence of a viable and enforceable assignment of rights, Nordby's only potential legal theory for recovery of the cost and fee award portion of the Judgment under the American Safety Policy is a direct action brought by Nordby as a the Judgment Creditor of Kenyon, under California Insurance Code § 11580 (b)(2).  However, as a matter of law, the cost and fee award portion of a judgment (as opposed to the damage portion of a judgment) against an insured, is not recoverable in a direct action brought by a judgment creditor.

Nordby's assertion it is also an "insured" under the American Safety Policy and entitled to a defense against the claims asserted by Summit Bank in the Underlying Action, with one key exception, is irrelevant to Nordby's claim for recovery the cost and fee award portion of Nordby's Judgment against Kenyon from American Safety.  That exception being the bar to  coverage for suits or cross claims brought by one insured against another insured under the plain and unambiguous terms of the "Cross Claims or Suits Exclusion" contained in the American Safety Policy.  As the only damages being sought from American Safety are the attorneys' fees and cost award portion of Nordby's Judgment against Kenyon, whether American Safety had a duty and breached a duty to defend Nordby against the claims of Summit Bank is a proverbial "red

WILLOUGHBY, STUART, BENING & COOK

herring."

Because Nordby has no right to recover the fee and cost award portion of the Judgment from American Safety, it cannot be liable for "bad faith" failure to pay that amount. Even if American Safety is proven to have been wrong, the nonpayment of that award was not "unreasonable or without proper cause" and is not actionable "bad faith" under the "genuine dispute" doctrine.

### D. Defendant ACE American Insurance Company's (ACE) Statement

This lawsuit involves Plaintiff Nordby Construction's pursuit of payment for a judgment it obtained against ACE's named insured, Kenyon Construction, through the settlement of an underlying construction defect suit. As Plaintiff explains above, Nordby was the general contractor on a construction project, the Summit State Project, and Kenyon Construction was one of its subcontractors. Nordby was sued for construction defect in relation to that project, and in turn Nordby sued Kenyon Construction. Ultimately, Nordby worked out a settlement with Kenyon whereby Kenyon agreed to "arbitrate" Nordby's claims against Kenyon, in exchange for Nordby's agreement not to enforce any judgment resulting from that proceeding against non-insurance assets of Kenyon. The stipulated arbitration proceeding resulted in an award of damages to Nordby, which was subsequently confirmed by the court, with adjustment for certain credits, and entered as a judgment against Kenyon in the amount of $834,091.50, plus interest ("Underlying Judgment"). Nordby then initiated this action in attempt to secure payment of the Underlying Judgment against several of Kenyon Construction's insurance carriers, including ACE American Insurance.

ACE issued three commercial general liability policies to Kenyon Construction as the named insured, policy nos. HDO G2059097A, effective from July 15, 2005 to July 15, 2006, HDO G21702390, effective from July 15, 2006 to July 15, 2007, and HDO G2451027A, effective from July 15, 2007 to July 15, 2008. ACE denies that it owes any obligation to Nordby in connection with the Underlying Judgment. As explained in ACE's Motion to Dismiss, each of ACE's alleged policies contains a Deductible Endorsement which requires the named insured Kenyon Construction to pay the first $2 million of any loss before ACE has any obligation under

WILLOUGHBY, STUART, BENING & COOK

the policies.  Other relevant policy provisions include but are not limited to the Designated Work Exclusion, EIFS Exclusion, Continuous and Progressive Damage Exclusion and Known Damage Exclusion.

### 3.   Legal Issues

Plaintiff's position: The legal issues relate to whether each insurer owed a duty to defend and owes a duty to indemnify with respect to the judgment.

AISLIC's position:  The legal issues raised by the claims for relief asserted in Plaintiff's FAC with respect to AISLIC include but are not limited to: (1) whether the underlying judgment is valid and/or enforceable as against the defendants; (2) whether Nordby's alleged assignment from Kenyon is valid and enforceable; (3) whether the FAC states cognizable legal claims against AISLIC; (4) whether there is any duty to defend and/or indemnify with respect to the underlying action and/or underlying judgment with respect to the AISLIC policies; (5) whether Plaintiff satisfied all requirements necessary to qualify for coverage as an additional insured under the AISLIC policies; (6) whether Kenyon Construction satisfied all requirements necessary for coverage under the AISLIC policies; (7) whether the underlying judgment qualifies as covered damages under the AISLIC policies; and (8) whether Plaintiff's claims for coverage are excluded and/or limited and/or precluded under the AISLIC policies pursuant to various policy exclusions and/or endorsements and/or policy provisions.

American Safety's position: The legal issues raised by the claims for relief asserted in Nordby's FAC, with respect to American Safety include: (1)  Whether the FAC states cognizable legal claims against American; (2)   Whether the cost and attorneys' fee award portion of Nordby's Judgment against Kenyon is recoverable from American Safety under Nordby's Ins. Code § 11580 direct action claim for relief; (3)  Whether Kenyon's alleged assignment of its "rights" against American Safety to Nordby is invalid or ineffective as a matter of law because it is barred by the terms of the American Safety Policy and/or because American Safety had not breached any duties to defend or indemnify Kenyon at the time of the assignment and therefore Kenyon had no actionable rights to assign to Nordby; (4)  Whether Nordby's claimed status as an "insured" under the American Safety Policies bars coverage for the Judgment Nordby obtained

against American Safety's named insured (Kenyon) under the terms of the Cross Claims or Suits Exclusions to coverage; and (5) assuming *arguendo* Nordby was entitled to recover the attorneys' fees and cost award portion of the Judgment from American Safety, whether the "genuine dispute" doctrine bars Nordby's claim for "bad faith" failure to pay that award.

ACE's position:  The legal issues raised by the claims for relief asserted in Plaintiff's FAC with respect to ACE include but are not limited to: (1) Whether the FAC states cognizable legal claims against ACE as required under FRCP 12(b)(6) (see Motion to Dismiss [Dkt. No. 35]); 2) whether ACE owes any obligation to Nordby in connection with the Underlying Judgment, given that the named insured on the policies, Kenyon Construction, is responsible to pay amounts up to $2 million; 3) whether the alleged ACE policies include a duty to defend; 4) whether Plaintiff satisfied all requirements necessary to qualify for coverage as an additional insured under the alleged ACE policies; 4) whether Kenyon Construction satisfied all requirements necessary for coverage under the alleged ACE policies; 5) Whether the Underlying Judgment qualifies as covered damages under the alleged ACE policies; 6) Whether Plaintiff's claims for coverage are excluded under the alleged ACE policies pursuant to various policy exclusions, including but not limited to the policies' Designated Work Exclusion, EIFS Exclusion, Continuous and Progressive Damage Exclusion and Known Damage Exclusion; and 7) assuming *arguendo* Plaintiff is entitled to coverage for the judgment under the alleged ACE policies, whether the "genuine dispute" doctrine bars Plaintiff's claim for "bad faith" failure to pay that judgment.

**4.   Motions**

All Defendants filed motions to dismiss.   The court granted in part, and denied in part, the motions brought by AISLIC and American Safety.  The court granted the motion brought by ACE.  Neither AISLIC nor American Safety has yet to answer the FAC.

**5.   Amendment of Pleadings**

The Parties do not anticipate the need for any amendment of pleadings.

**6.   Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to F.R.C.P. 26(f) regarding reasonable

2224.12222S

and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.  Disclosures**

The parties have made their initial disclosures.

**8.  Discovery**

No discovery has been taken to date.  The parties have agreed to defer written discovery and depositions until after mediation.  A mediation occurred on March 25, 2015 and a tentative agreement was reached for settlement of the case.  The parties anticipate that there will be no need for discovery, as they expect the final terms of the settlement agreement to be approved prior to the case management conference.

Should the parties not agree on the final terms of settlement by July 15, 2015, then plaintiff anticipates commencing discovery against whichever non-dismissed party (or parties) have not settled.

**9.  Class Actions** - This action is not a class action.

**10.  Related Cases -** There are no pending related cases.  The underlying action was captioned *Summit State Bank v. Nordby Construction Company*, et al., Sonoma County Superior Court Case No. SCV-249420.

**11.  Relief**

Plaintiff contends that the net judgment in Nordby's favor is in the amount of $834,091.50, plus interest at 10 percent per annum from September 12, 2012, plus attorneys' fees and costs.  Plaintiff contends the total amount due and owing by Defendant insurers exceeds $950,000.  No specific allocation has been made as to each Defendant insurer.

Plaintiff  seeks general damages according to proof, costs of suit, prejudgment interest, attorney's fees and costs incurred in this action to prove entitlement to insurance benefits wrongfully withheld, exemplary and punitive damages, a declaration of the parties respective rights and obligations under the policies, and such other and further relief as the court will deem proper.

WILLOUGHBY, STUART, BENING & COOK

1    **12.    Settlement and ADR**

2    The parties participated in a mediation before Hon. Stephen J. Sundvold (Ret.).   The

3    mediation resulted in a tentative settlement.  The parties have finalized the terms of the settlement

4    agreement and the only remaining actions needed to consummate the settlement is exchanging

5    signatures and checks.

6    **13.    Consent to Magistrate Judge for All Purposes**

7    Defendant AISLIC filed a Declination to Proceed before a Magistrate Judge in this matter.

8    **14.  Other References**

9    The parties do not believe that other references are appropriate.

10    **15.  Narrowing of Issues**

11    There should be no need to narrow any issues in light of the settlement.

12    **16.  Expedited Trial Procedure**

13    The parties do not believe that an expedited schedule is appropriate.

14    **17.  Scheduling**

15    The court issued its case management order on January 21, 2015 setting forth all deadlines

16    for the case.

17    **18.  Trial**

18    Plaintiff and AISLIC have demanded a jury trial.  The court has set the matter for a 10-

19    day jury trial commencing August 16, 2016 at 9:00 a.m.

20    **19.    Disclosure of Non-party Interested Entities or Persons**

21    The parties have filed the "Certification of Interested Entities or Persons" required by

22    Civil Local Rule 3-16.

23    Plaintiff has disclosed no interested entities or persons.

24    Defendant American Safety has disclosed that:

25    "American Safety, an Oklahoma corporation, is and wholly owned subsidiary with no publically

26    traded stock.  The only publically traded company in its corporate structure is its ultimate parent,

27    Fairfax Financial Holding, Limited, which is publically traded on the Toronto Stock Exchange."

28    Defendant AISLIC has disclosed that:

2224.12222S                                    -8-

"AIG Specialty is a direct, wholly-owned (100%) subsidiary of AIG Property Casualty U.S., Inc. which is a wholly owned (100%) subsidiary of AIG Property Casualty Inc., which is a wholly-owned (100%) subsidiary of AIUH LLC, which is a wholly-owned (100%) subsidiary of American International Group, Inc., which is a publicly-held corporation.  No Parent entity or publicly held entity owns 10% or more of the stock of American International Group. Inc."

Defendant ACE has disclosed that:

"ACE AMERICAN INSURANCE COMPANY is a Pennsylvania corporation and an indirect subsidiary of ACE Limited.  No publicly held entity owns ACE AMERICAN INSURANCE COMPANY stock, but its ultimate parent ACE Limited is publicly held, trading on the New York Stock Exchange under the ticker symbol "ACE"."

**20.   Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

At this time, the parties propose no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: June 19, 2015

WILLOUGHBY, STUART, BENING & COOK


By  /s/ Alexander F. Stuart

ALEXANDER F. STUART
ELLYN E. NESBIT
Attorneys for Plaintiff,
NORDBY CONSTRUCTION, INC.

DATED: June 19, 2015

CHAMBERLIN, KEASTER & BROCKMAN LLP


By  /s/ Robert W. Keaster

ROBERT W. KEASTER
CRAIG H. BELL

2224.12222S

-9-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLOUGHBY, STUART, BENING & COOK

Attorneys for Defendant,
AMERICAN SAFETY INDEMNITY
COMPANY

DATED: June 19, 2015

HEROLD & SAGER

By  /s/ Samuel W. Hotchkiss

LINDA L. SAGER
NICHOLAS B. SALERNO
SAMUEL W. HOTCHKISS
Attorneys for Defendant,
AIG SPECIALTY INSURANCE COMPANY

DATED: June 19, 2015

MORALES FIERRO & REEVES

By  /s/ Laura Jane Coles

LAURA JANE COLES
Attorneys for Defendant,
ACE AMERICAN INSURANCE COMPANY

2224.12222S

-10-

JOINT REPORT